**Alfred TOLIVER, Plaintiff–Appellant,**

v.

**K.M. POWERS, Warden; et al.,
Defendants–Appellees.**

No. 07–15136.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 5, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alfred Toliver, Avenal, CA, pro se.

Before: HAWKINS, RAWLINSON and M. SMITH, Circuit Judges.

**MEMORANDUM****

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Alfred Toliver, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action as barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and the doctrine of absolute immunity. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir.2007), and we affirm.

The district court properly dismissed without prejudice Toliver's claims challenging his continuing confinement. *See Heck*, 512 U.S. at 486, 114 S.Ct. 2364 (1994) (explaining that civil tort actions are not appropriate vehicles for challenging the validity of a criminal conviction or sentence); *Preiser v. Rodriguez*, 411 U.S. 475, 488–89, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024–25 (9th Cir.1997) (stating that prisoner's challenge to the procedures used in the denial of parole must be brought as a petition for writ of habeas corpus and not as a civil rights action under § 1983).

The district court properly dismissed with prejudice Toliver's claims against members of the state parole board because those defendants are immune from suit. *See Swift v. State of California*, 384 F.3d 1184, 1189–90 (9th Cir.2004) (holding that parole board officials are entitled to absolute quasi-judicial immunity from suits

arising from decisions to grant, deny or revoke parole).

AFFIRMED.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.